UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JORDAN POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-00207 (UNA) |
| ) | |
| ) | |
| UNITED STATES SMALL ) | |
| BUSINESS ADMINISTRATION, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The court grants the *in forma pauperis* application and, for the reasons explained below, it dismisses this matter.

Plaintiff Jordan Powell, a resident of the District of Columbia, sues the United States Small Business Administration ("SBA"), under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 706, seeking a reversal of the SBA's decision to deny his corporation, Pricecheck Inc. ("the Company"), an upward adjustment of its COVID-19 Economic Injury Disaster Loan ("EIDL"), as authorized by the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, *see* Compl. ¶¶ 1–11, 24.

More specifically, plaintiff contends that, on May 13, 2020, "Pricecheck Inc. . . . applied for an . . . EIDL[]. The SBA made a loan offer to the Company June 16, 2020, and [p]laintiff, as substantial majority owner and real party in interest . . . signed the loan agreement on behalf of Pricecheck Inc. on June 19, 2020." *Id.* ¶ 3. Then, "[o]n August 27, 2020[,] the Company" applied for its first adjustment, and in doing so, produced "a tax return certifying [only] the Company's 2019 expenses," *id.* ¶ 4, purportedly consistent with the less demanding financial qualification

requirements at that time, *see* Pub. L. 116-136 § 1110(d)(1) (March 27, 2020)). Notably, the Company's 2019 tax return was not filed until 2020, which plaintiff contends that was authorized by the Internal Revenue Service ("IRS"). *See* Compl. ¶¶ 4–5.

In the interim, while the Company awaited response from the SBA, on December 27, 2020, Congress amended the CARES Act, *see id*. ¶ 26, by passing, *inter alia*, the Coronavirus Response and Consolidated Appropriations Act (2021) ("CAA"), Pub. L. 116-260, Div. N, Title II, § 273(a), 134 Stat. 1182, 1976–78, which permitted the SBA to more broadly rely on "alternative appropriate methods to determine an applicant's ability to repay[,] and authorized the SBA to "use information from the Department of the Treasury[,]" including tax returns and tax return transcripts, "to confirm that . . . (A) an applicant is eligible to receive [an EIDL]; or (B) the information contained in an application for such a loan is accurate" before authorizing an EIDL or request for an adjustment to an existing EIDL, *see id*. (citing 15 U.S.C. §§ 9009(d)(1)(B), (d)(2) (both modifying financial requirements for all EIDL applications under 15 U.S.C. § 636(b)(2)(A)–(B)); *see also* Pub. L. 116-136 §§ 1110(d)(1)(B), (d)(2)(A)–(B).

On January 28, 2020, the SBA notified the Company that its request for an EIDL adjustment was denied due to "Unverifiable Information," because the IRS could not retrieve any record of the Company's 2019 tax return. *See* Compl. ¶¶ 5, 27. "In response, the Company wrote and sent a letter on February 2, 2021," requesting reconsideration, and in doing so, it contended that its 2019 tax return existed but had not yet been "posted[,]" and it also alleged that the IRS had committed processing errors. *See id*. ¶¶ 5–6, 27. The request for reconsideration also contained an "objection to the retroactive effect" of any of CAA provisions, ostensibly declining to respond to the SBA's request for more detailed tax return information. *See id.* ¶ 26. On March 18, 2022,

the SBA denied the Company's request for reconsideration, notifying "the Company . . . . [that it was] not eligible for a larger loan amount." *See id*. ¶ 7.

Next, "[o]n September 15, 2022, the Company contacted [the] SBA and the Administrator, again seeking a loan amount adjustment." *Id*. The SBA issued a response the same day, notifying "the Company . . . that [the] SBA [was] no longer accepting COVID-19 EIDL increase requests or requests for reconsideration of previously declined COVID-19 EIDL Loan or increase requests." *See id*. Plaintiff, on behalf of the Company, also unsuccessfully sought relief from President Biden, Congress, and the Supreme Court. *See id.* ¶¶ 7–10. On November 23, 2023, "[t]he Company notified [the] SBA of its intention to file suit[,]" and on November 27, 2023, the SBA replied, stating again that it was no longer accepting "requests for reconsideration of previously declined . . . increase requests." *Id*. ¶ 11.

Here, plaintiff argues that the Company is indeed eligible for the EIDL adjustment, and he asserts that the SBA improperly exercised unauthorized discretion by "retroactively" applying the more expanded (and rigorous) financial vetting requirements to the Company's request, objecting to the agency's statutory interpretation. *See id.* ¶¶ 12–34. As for relief, plaintiff demands that this court "ORDER the agency to provide a loan guarantee to the Company in the total amount of $2,000,000." *Id*. ¶ 34. As pleaded, plaintiff faces hurdles here that he cannot overcome.

First, although this matter is filed in plaintiff's name only, he brings this matter as the "substantial majority owner" of the Company, and explicitly seeks relief on its behalf. *See id.* ¶¶ 3, 34. Per plaintiff's own allegations, every relevant circumstance giving rise to this case involves the Company itself, and not the plaintiff individually; for example, it was the Company who filed for the EIDL and then sought its adjustment, and it was also the Company's own financial information that is in dispute. *See id*. ¶¶ 3–7, 11. "In all courts of the United States the parties

may plead and conduct their own cases *personally* or by counsel[,]" 28 U.S.C. § 1654 (emphasis added), and given these parameters, an artificial entity cannot proceed in federal court under any circumstances without licensed counsel, *see Greater Southeast Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1, 4 (D.C. Cir. 2009) (citing *Rowland v. California Men's Colony*, *Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel.")) (other citations omitted); *Am. Airways Chtrs, Inc. v. Regan*, 746 F.2d 865, 873 n.14 (D.C. Cir. 1984) ("it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*") (internal quotation marks and citations omitted); *Diamond Ventures, LLC v. Barreto*, 452 F.3d 892, 900 (D.C. Cir. 2006) (same); *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 166 n.1 (D.C. Cir. 1990) (same); *see also Tracy v. Kratovil*, 798 Fed. Appx. 665, 665 (D.C. Cir. 2020) (per curiam) (holding that the plaintiffs could not seek relief on behalf of their business, because "it is not permissible for a party who 'is not a member of the bar of any court . . . to appear . . . as counsel for others.") (quoting *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (internal quotation marks omitted); citing 28 U.S.C. § 1654; *Rowland*, 506 U.S. at 202)); *180 East Broad Partners LLC v. Ohio Department of Taxation*, 193 F. Supp. 3d 1, 2 (D.D.C. 2014) (collecting cases and finding that the *pro se* plaintiff, who purported to be a shareholder, officer, and authorized representative of his business, could not represent the interests of an entity in this court); *Fontanez v. Boeing Corp.*, No. 22-00919, 2022 WL 1597607, at *2 (D.D.C. May 16, 2022) (finding that, even if the plaintiff was a "Boeing shareholder," because he was proceeding *pro se*, he could not bring suit on behalf of the company) (citing *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (finding a shareholder's request to intervene *pro se* was just a means to avoid the requirement that a corporation be

represented by counsel and thus impermissible), *cert. denied*, 513 U.S. 826 (1994); *Phillips v. Tobin*, 548 F.2d 408, 411–15 (2d Cir. 1976) ("Since a corporation may not appear except through an attorney, likewise the representative shareholder cannot appear without an attorney."); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (same)).

Plaintiff cannot circumvent this proscription by attempting to bring this suit in his own name. *See id.*; *see also Huang v. Small Bus. Admin.*, No. 22-03363, 2023 WL 3028087, at *4 (N.D. Cal. Apr. 19, 2023) (finding that, although the plaintiff's business may have been an "eligible entity" for purposes of an EIDL under the CARES Act, the plaintiff "as an individual [was] not[,]" and while an "individual small business owner can submit an application on behalf of the business . . . this does not mean that the individual has standing to bring a lawsuit to remedy an injury solely to the business[,]" because "the shareholder of a corporation—even a sole shareholder—does not, in general, have standing to redress an injury to the corporation.") (internal quotation marks omitted) (quoting *Shell Petroleum, N.V. v. Graves*, 570 F. Supp. 58, 62–63 (N.D. Cal. 1983), *aff'd*, 709 F.2d 593 (9th Cir. 1983); *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1057 (9th Cir. 2002)).

Second, assuming *arguendo* plaintiff could bring this case on behalf of the Company, the Court must note that "the APA does not afford an implied grant of subject matter jurisdiction permitting federal judicial review of agency action." *Califano v. Sanders*, 430 U.S. 99, 107 (1997). Relevant here, "the evaluation of EIDL applications and the associated allocation of EIDL funds squarely [fall] within the scope of discretionary decisions that are unreviewable under the APA." *Reyes v. Small Bus. Admin.*, No. 22-6765, 2024 WL 1195051, at *6 (S.D.N.Y. Mar. 19, 2024) (dismissing the plaintiff's APA claims where he alleged that the SBA improperly denied his application due to inconsistencies in his financial documentation and that his EIDL application

was "facially-valid" under the CARES Act) (citing 5 U.S.C. § 701(a)(2); *Biden v. Texas*, 597 U.S. 785, 802 (2022); *Lincoln v. Vigil*, 508 U.S. 182, 192 (1993); *Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 586 U.S. —, 139 S. Ct. 361, 370 (2018) (other citation omitted)). Indeed, courts "that have examined the SBA's decisions concerning EIDLs [have] concluded that such actions were committed to agency discretion by law and therefore unreviewable." *Id*. (citing *Hyndman v. Small Bus. Admin.*, No. 22-4973, 2024 WL 233463, at *5 (S.D.N.Y. Jan. 22, 2024) (dismissing the plaintiff's APA claims with prejudice and denying leave to amend, finding that the SBA's decision to deny plaintiff's EIDL application was "committed to agency discretion by law"); *Shumaker v. Guzman*, No. 21-477, 2022 WL 2902843, at *7 (S.D. Tex. Apr. 4, 2022) (holding that the decision to deny the adjustment or advance of an EIDL loan, including due to "unverifiable information" is "committed to agency discretion by law"); *Brennan v. United States*, No. 20-505, 2020 WL 3980001, at *9 (E.D. Ark. July 14, 2020) ("[T]he CARES Act vests the Administrator with discretion."), *aff'd*, No. 22-40409, 2023 WL 1434276 (5th Cir. Feb. 1, 2023) (per curiam); *LIT Ventures, LLC v. Carranza*, 457 F. Supp. 3d 906, 910 (D. Nev. 2020) ("Congress therefore granted the SBA discretion to determine what EIDLs were 'necessary and appropriate.'"); *Keita v. Small Bus. Admin.*, No. 07-4958, 2010 WL 395980, at *3 (E.D.N.Y. Feb. 3, 2010) ("Here, the Court lacks guidance to adjudge the SBA's exercise of its discretion because [the plaintiff] seeks review of the individual economic judgments that comprised the SBA's decision that his loans were not 'necessary or appropriate.'")).

This prohibition to judicial review is particularly applicable where, as here, a plaintiff specifically "seeks to compel agency action he claims has been unlawfully withheld." *See Brennan*, 2020 WL 3980001, at *3; *see also* Compl. ¶ 24 (demanding that this court "ORDER the agency to provide a loan guarantee to the Company in the total amount of $2,000,000."). In other

words, plaintiff alleges that the SBA is "acting beyond the scope of the authority delegated[,]" and asks this court to "compel [the SBA] "to reach a specific result in a discretionary area," namely, "to restrain [the SBA] from misinterpreting the CARES Act, and . . . to correct an agency's unlawful action[,]" *see Brennan*, 2020 WL 3980001, at *7, but such relief is strictly prohibited under the APA pursuant to the provisions of the Small Business Act, *see id.* at *3 (citing 15 U.S.C. § 634(b)(1)).

Moreover, courts have already examined the precise issues raised by plaintiff, i.e., (1) whether the SBA has discretion to seek additional financial information from an applicant, such as tax returns or tax return transcripts, if the operative EIDL application or request for adjustment was submitted prior the ratification of the applicable amendments to the CARES Act, or (2) whether an applicant's EIDL application may be questioned, or ultimately denied, due to agency-determined inconsistencies arising from the applicant's submitted financial information. The answer to those questions has been plainly in the affirmative. *See, e.g., Hyndman*, 2024 WL 23346, at *5 (finding that, even though the plaintiff had submitted more than one EIDL application prior to the ratification of the CAA amendments, and even though the plaintiff's 2019 amended tax return had not yet been processed by the IRS, the SBA was still well within its authority to seek additional financial information pursuant to 15 U.S.C. § 9009(d)(2), because "that amendment allowing consideration of information from the IRS took place before [the p]laintiff's EIDL application was denied on reconsideration and appeal in late 2021 and 2022 due to significant discrepancies between the information [the plaintiff] provided in [his] application and the information [the SBA] received from the IRS."); *Geisler v. Small Bus. Admin.*, 21-01693, 2022 WL 1002766, at *1, *1 n.2 (W.D. Pa. Apr. 4, 2022) (finding no merit in the plaintiff's arguments that (1) there was "no reasonable explanation" as to "why the SBA required a tax transcript," and

(2) the IRS "had not yet processed [his] 2019 tax return and was, therefore, unable to produce a transcript[,]" because the court was nonetheless without authority to entertain a challenge the SBA's denial of his request for an EIDL adjustment under the APA, because the agency bore explicit authority for its actions under "the December 27, 2020, amendments to the CARES Act[.]"); *Oyegbola v. Small Bus. Admin.*, 22-10698-A, 2022 WL 2786916, at *3 n.3 (D. Mass. Jul. 15, 2022) (similar). Simply put, the "language in the CARES Act providing that the SBA may consider tax information to confirm applicant eligibility and the accuracy of information in a loan application, 15 U.S.C. § 9009(d)(2), provides "no meaningful standard against which to judge the agency's exercise of discretion." *Hyndman*, 2024 WL 23346, at *5 (quoting *Weyerhaeuser*, 129 S. Ct. at 370).

Accordingly, this case is dismissed for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motion for CM/ECF password, ECF No. 3, is denied as moot. A separate order accompanies this memorandum opinion.

Date:  April 5, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge